UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH,<br><br>    Plaintiff,<br><br>    v.<br><br>JONATHAN HOBBS, et al.,<br><br>    Defendants. | No. 2:25-cv-2402-DAD-CKD PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Raj Singh initiated this action on August 22, 2025, with a pro se complaint and a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.) This matter is referred to the undersigned magistrate judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). For the reasons that follow, the undersigned recommends plaintiff's application to proceed IFP be denied and the complaint be dismissed without leave to amend.

**I.    IFP**

In order to commence a civil action, a plaintiff must either pay the $350.00 filing fee and the $55.00 administrative fee or file an application requesting leave to proceed IFP. See 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action without prepayment of fees by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a).

Plaintiff's affidavit in support of the request to proceed in forma pauperis is incomplete. Plaintiff left blank multiple sections of the form, including the section requiring plaintiff to declare income other than gross pay or wages. (ECF No. 2 at 1.) Because the affidavit is incomplete, it fails to establish plaintiff is entitled to prosecute this case without paying the required fees. See United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") In the alternative, plaintiff's IFP application may be denied because this action is frivolous and without merit. See Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) ("'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'") (quoting Tripati v. First Nat. Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987)).

**II.    28 U.S.C. § 1915(e) Screening**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000) (en banc). Plaintiff's complaint should be dismissed because it merely repeats unsuccessful claims plaintiff has already litigated.

The named defendants are Jonathan Hobbs—Attorney for City of Elk Grove, Suzanne Kennedy—Attorney for City of Elk Grove, Gerard F. Keena, Detective Chilmer, and the City of Elk Grove. (ECF No. 1 at 2-3.) Plaintiff allegations are vague and appear to state the defendants illegally seized his properties while he was behind bars based on false police reports and that these defendants conspired to convict him illegally and falsely based on "non-crime." (ECF No. 1 at 3-5.)

The allegations are far too vague to establish the court's subject matter jurisdiction or state a claim upon which relief can be granted. Moreover, this is not the first action plaintiff has filed in this court alleging defendants Hobbs, Kennedy, Keena, and City of Elk Grove violated his rights in connection with an alleged deprivation of property that occurred while plaintiff was

detained or serving time on a criminal case. See Singh v. City of Elk Grove, No. 2:24-CV-2456 DC AC PS, 2024 WL 4729340, at *1 (E.D. Cal. Nov. 8, 2024), report and recommendation adopted, No. 2:24-CV-02456-DC-AC (PS), 2025 WL 2390924 (E.D. Cal. Aug. 18, 2025) ("Plaintiff brings suit against the City of Elk Grove, City Attorneys Jonathan Hobbs and Suzanne Kennedy, and Receiver Gerard F. Keena [and] alleges that he was convicted in 2020 'for a non-crime, rare, false and fabricated charges based on false and fabricated testimonies only.' [….] As a result of this false testimony, plaintiff spent 12 years in prison, during which time plaintiff's property was taken by the receiver who conspired with the City Attorneys.")

Plaintiff's addition of Detective Chilmer as a defendant to the present case does not assist plaintiff to establish the court's subject matter jurisdiction or state a claim upon which relief can be granted, particularly where the present complaint contains no specific factual allegations regarding Detective Chilmer's conduct. Thus, plaintiff was already informed that his allegations presented in the present complaint fail to state a claim. See Singh v. City of Elk Grove, 2024 WL 4729340, at *1. Despite being so informed, plaintiff has repeated substantially the same allegations in this newly filed case. This action is frivolous within the meaning of 28 U.S.C. § 1915(e) and should be dismissed as such. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding that a complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of 28 U.S.C. § 1915). Leave to amend should not be granted. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[D]istrict courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

In accordance with the above, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied.
2. Plaintiff's complaint be dismissed without leave to amend for failure to state a claim.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with

the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 24, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, singh25cv2402.scrn.fr